### AMERICAN BANK & TRUST CO. et al. v. FEDERAL RESERVE BANK OF ATLANTA et al.

(District Court, N. D. Georgia. March 11, 1922.)

No. 138.

1. **Banks and banking** ⬳288½, New, vol. 11A Key-No. Series—Federal reserve banks can adopt reasonable measures to collect checks deposited with them at par.

The federal reserve banks, in the discharge of their duties with respect to the collection of checks deposited with them at par, and in performing the functions of a clearing house, as authorized by Federal Reserve Act, §§ 13, 16 (Comp. St. §§ 9796, 9799), are empowered to adopt any reasonable measure designed to accomplish these purposes.

2. **Banks and banking** ⬳288½, New, vol. 11A Key-No. Series—Federal reserve bank can present checks at drawee bank by agents.

Where the bank on which checks deposited in a federal reserve bank were drawn refuses to remit by mail without deduction of the cost of ex-

change, the reserve bank can employ any proper instrumentality or agency to collect the checks from the drawee bank, and may legitimately pay the necessary cost of such service.

3. **Banks and banking** ⊙⟹288½, New, vol. IIA Key-No. Series—Daily collection of two or more checks drawn on same bank is not illegal.

The process of the daily collection of checks by a federal reserve bank in the exercise of its clearing house functions is not rendered unlawful because of the fact that of the checks handled two or more of them may be drawn on the same bank.

4. **Banks and banking** ⊙⟹288½, New, vol. IIA Key-No. Series—Federal reserve banks can publish par clearance list, but not include nonmember banks without consent.

It is a legitimate feature of the federal reserve bank to publish a par clearance list; that is, a list of banks on which checks are drawn that will be collected at par by the federal reserve banks. But such list should not include the name of any nonmember bank without its consent, since a conclusion may be drawn from the appearance of a bank's name on the par list that it agrees to remit at par.

5. **Banks and banking** ⊙⟹288½, New, vol. IIA Key-No. Series—Federal reserve par clearance list can state that it includes all banks in designated municipality.

The federal reserve bank can include in its published par clearance list the names of towns or cities, with a representation that it will undertake to collect at par checks drawn on any bank, whether member or nonmember, in such town or city.

In Equity. Suit by the American Bank & Trust Company and others against the Federal Reserve Bank of Atlanta and others. Decree entered for injunction as to part only of the acts of defendant complained of.

Smith, Hammond & Smith, of Atlanta, Ga., and Orville A. Park, of Macon, Ga., for complainants.

Randolph & Parker, of Atlanta, Ga., and John W. Davis and Montgomery B. Angell, both of New York City, for defendants.

BEVERLY D. EVANS, District Judge. This case was heard by me on its merits, and after argument and due consideration I find as follows:

[1] 1. Under sections 13 and 16 of the Federal Reserve Act (Comp. St. §§ 9796, 9799), the federal reserve banks are empowered to accept any and all checks payable on presentation, when deposited with them for collection.

2. Checks thus received must be collected at par. The federal reserve banks are not permitted to accept in payment of checks deposited with them for collection an amount less than the full face value of the checks.

[2] 3. In the discharge of its duties with respect to the collection of checks deposited with them, and with respect to performing the functions of a clearing house, the several federal reserve banks are empowered to adopt any reasonable measure designed to accomplish these purposes. To that end a federal reserve bank may send checks to the drawee bank directly, for remittance through the mails of collections without cost of exchange. If the drawee bank refuses to remit with-

out deduction of the cost of exchange, it is in the power of the several federal reserve banks to employ any proper instrumentality or agency to collect the checks from the drawee bank, and it may legitimately pay the necessary cost of this service.

[3] 4. The process of the daily collection of checks, in the exercise of the clearing house functions, is not rendered unlawful because of the fact that of the checks handled two or more of them may be drawn on the same bank.

[4, 5] 5. It is a legitimate feature of the clearing house function of a federal reserve bank to publish a par clearance list; that is, a list of banks on which checks are drawn that will be collected at par by the federal reserve banks. But, inasmuch as a conclusion may be drawn from the appearance of a bank's name on the par list that it agrees to remit at par, or has agreed to enter the par clearance system, I do not think such list should include the name of any nonmember bank, unless such nonmember bank consents. I see no objection to including in the par clearance list the names of towns or cities, with a representation that the federal reserve bank will undertake to collect at par checks drawn on any bank (member or nonmember) in such town or city.

6. In the inauguration of its par clearance system, I find that the Federal Reserve Bank of the Atlanta District was not inspired by any ulterior purpose to coerce or injure any nonmember bank which refused to remit at par. Specifically, I find the charge that the Federal Reserve Bank at Atlanta would accumulate checks upon country or nonmember banks until they reach a large amount, and then cause them to be presented for payment over the counter, so as to compel the plaintiffs to maintain so much cash in their vaults as to drive them out of business, as an alternative to agreeing to remit at par, is not sustained by the evidence.

7. I find the evidence insufficient to sustain any charge in the bill that the Federal Reserve Bank was acting illegally, or exercising any right it had so as to oppress or injure the plaintiff banks. With regard to the publication of the names of nonmember banks on the Federal Reserve Bank's par list, while I do not think the evidence justifies a finding that such publication was done to injure or oppress plaintiff banks, nevertheless I do not think the names of plaintiff banks, or any of them, should be included in the list without their consent.

The general result of my findings is that the plaintiffs are entitled to the writ of injunction against the inclusion of their names on the par list without their consent, but are not entitled to an injunction for any other matter complained against the respondents.

Let an appropriate decree be submitted, giving effect to the foregoing findings.